# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jessica Atkins | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| M3 Financial Services, Inc. | ) | |
| 10330 W Roosevelt Rd #200 | ) | |
| Westchester, IL 60154 | ) | |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiff is a resident of the State of Illinois.

5. Defendant is a corporation with its principal place of business in the State of Illinois.

6. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7. Unless otherwise stated herein, the term "Defendant" shall refer to M3 Financial Services, Inc.

8. Defendant regularly attempts to collect debts owed or due another.

9. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

## FACTS OF THE COUNT

10. In or around 2012, Defendant began collection activities against Plaintiff several times to collect on a debt, Plaintiff originally incurred from University of Chicago Medicine.
11. On or about August 6, 2013, Plaintiff filed of a Chapter 7 Bankruptcy relief under the United States Bankruptcy Code.
12. The United States Bankruptcy Clerk mailed notice to all creditors including to Defendant. See Exhibit A.
13. Defendant was properly listed on the Bankruptcy Clerk's notification list. See Exhibit A.
14. Defendant made numerous collection attempts against Plaintiff after receipt of the Bankruptcy Notice.
15. Defendant violated 15 U.S.C. Section 1692c by contacting Plaintiff after receiving notice that Plaintiff indeed was represented by an Attorney.
16. Defendant violated 15 U.S.C. Section 1692e by making collection calls for a debt that it could not legally collect on.
17. Defendant violated 15 U.S.C. Section 1692f by using false and misleading means to collect on its debt.
18. Defendant has damages Plaintiff.
19. Defendant has violated the FDCPA.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

16, Plaintiff demands the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. Section

1692(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to Section 1692(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. Section 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff